UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NICOLE JANELL FISHER,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-05769 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Nicole Janell Fisher, Plaintiff Pro Se
1200 Carlmiller Blvd.
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

　　1.　Plaintiff Nicole Janell Fisher seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

　　2.　Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.  To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.  Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. As the CCCF is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

6. Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.[1]

7. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The factual portion of the complaint states in its entirety: "I was sleeping on the floor with a mat cell overcrowded strip search when I got incarcerated and also when I was incarcerated. Officer Gordon strip search inmates when we had lock down. She took each female inmate in the bathroom and strip search us I was in the mod at the time and in second chance program." Complaint § III. Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by

---

[1] The amended complaint shall be subject to screening prior to service.

itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

9.   In the event Plaintiff files an amended complaint, she should include specific facts, such as the dates and length of her confinement(s), whether she was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

10.  Moreover, Plaintiff has not sufficiently alleged that Officer Gordon violated the Fourth Amendment by conducting an improper strip search. Under the Fourth Amendment, inmates have

4

a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. *Id.* at 326.

11. "The test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. *Parkell*, 833 F.3d at 326 (citing *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1515, 1517 (2012)).

12. Plaintiff's cursory allegations that the strip search was illegal is insufficient to state a claim for relief. In the absence of further facts regarding the circumstances of the search, the claim cannot proceed at this time. Plaintiff may amend this claim in an amended complaint, however.

13. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically

5

incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

    14. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

    15. An appropriate order follows.


**November 16, 2016**                           **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                 Chief U.S. District Judge